IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IKE JIMMY CAMPBELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:15-CV-0158 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner IKE JIMMY CAMPBELL. By his habeas application, petitioner challenges his July 9, 2012 conviction out of the 181st Judicial District Court of Potter County, Texas, for the offense of delivery of a controlled substance, and the 30-year sentence assessed for that conviction. *State v. Campbell*, No. 65,040-B.

I.
BACKGROUND

On February 29, 2012, petitioner was charged by indictment with the offense of delivery of "a controlled substance, namely, cocaine, in an amount of one gram or more but less than four grams" by actual or constructive delivery or, alternatively, by offer to sell. The delivery offense, a 2nd degree felony, was enhanced by two (2) prior felony convictions resulting in a sentence range of

25 - 99 years, or life. On July 9, 2012, petitioner pled guilty to the charged offense and true to the enhancement paragraphs, and the state trial court, pursuant to a plea bargain agreement, sentenced petitioner to thirty (30) years imprisonment[1] and assessed a fine of $500.00. Petitioner did not directly appeal his conviction.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner was denied effective assistance of counsel because counsel failed to:

   A. Conduct any investigation;
   B. Contact or speak with any potential witnesses;
   C. Properly advise petitioner of the true nature of the charges or weight of the evidence against him;
   D. Discuss possible defenses with petitioner or attempt to build an adequate defense or develop a trial strategy for petitioner;[2]
   E. Discover potentially exculpatory evidence;
   F. File pretrial motions; or
   G. Challenge the amount of cocaine petitioner was alleged to have delivered.[3]

2. Petitioner's guilty plea was involuntary due to counsel's deficiencies and misadvice.

---

[1] To run concurrent with a 30-year sentence assessed in 1991 for possession of a controlled substance.

[2] The State's open file contained a witness statement from an identified citizen informant who arranged purchases of cocaine from petitioner on two separate occasions, law enforcement reports and surveillance photographs, as well as video and audio taken of the commission of the offense.

[3] Petitioner notes the quantity of the substance purchased was 7.3 grams, while the net weight of the cocaine in the substance was 2.08, a lesser amount after eliminating other ingredients, to illogically argue counsel should have argued the substance was tampered with. Petitioner was charged with delivery of a controlled substance in an amount of one gram or more but less than four grams.

## III.
## TIME BAR

Question 26 of the federal habeas corpus form instructs a petitioner that if his or her judgment of conviction became final more than a year prior to the filing of the petition, then petitioner "must explain why the one-year state of limitations contained in 28 U.S.C. § 2244(d) does not bar [his or her] petition." In response, petitioner stated:

> The voluntariness of [a] plea can always be challenged on appeal as a fundamental right, even without obtaining permission from the court.

On July 6, 2015, respondent filed a preliminary response to petitioner's federal habeas application asserting the application should be dismissed as time barred. In that response, respondent fully and accurately briefed statutory and case law regarding the statute of limitations in federal habeas corpus cases, as well as the application of statutory and equitable tolling of the limitation period. Respondent also fully and accurately set forth relevant dates in this case, and analyzed the timeliness of petitioner's habeas application. On July 21, 2015, petitioner filed a reply to respondent's preliminary response opposing the dismissal of his case as time barred. Petitioner primarily argues that due to the nature of the grounds he has asserted, *i.e.*, ineffective assistance of counsel claims, and the effect such ineffectiveness had on the voluntariness of his plea, the limitations period "should not be considered" in this case.

The undersigned makes the following findings:

1. Petitioner's judgment of conviction was entered **July 9, 2012**;

2. Petitioner did not file a direct appeal of his conviction. Therefore, petitioner's conviction became final on **August 8, 2012**, when his time to file an appeal of his conviction and sentence expired.

3. Petitioner's federal habeas corpus petition was thus due on or before **August 8, 2013**, unless statutorily or equitably tolled.

4. Petitioner's first state habeas application, delivered to prison authorities for mailing on **December 10, 2014** and denied without written order on **February 18, 2015**, was filed <u>after</u> the expiration of the limitation period and did not statutorily toll the federal statute of limitations.

5. Petitioner has not shown he was actively misled by the State, or that he diligently pursued federal habeas corpus relief. Petitioner has not demonstrated he is entitled to equitable tolling of the federal limitation period.

6. Petitioner asserts that due to the nature of the grounds he has asserted, *i.e.*, ineffective assistance of counsel claims, and the effect such ineffectiveness had on the voluntariness of his plea, the limitations period "should not be considered" in this case. Petitioner presents no authority, and the court is aware of none, that allows a court to disregard a statute of limitation based on the nature of the claims for relief.

7. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

8. The record does not reflect any unconstitutional "State action" impeded petitioner from filing for federal habeas corpus relief prior to the end of the limitation period.

9. Petitioner's claims are not of such a nature that petitioner was unable to exercise due diligence and discover the claims at an earlier date.

10. Petitioner's federal habeas corpus application, treated as filed on **May 4, 2015** when it was placed in the prison mailing system, was filed after the expiration of the statute of limitations and is time barred.

11. Petitioner has not asserted he is actually innocent of committing the offense of which he was convicted, nor has he demonstrated actual innocence, as a means by which to avoid the time bar.

Therefore, for the reasons set forth by respondent and based on the above findings of the court, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus be DISMISSED.

IV.
RECOMMENDATION

For the reasons set forth in respondent's Preliminary Response filed July 6, 2015 [Document #7], it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner IKE JIMMY CAMPBELL be DISMISSED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this   3rd   day of November 2015.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States

District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).